## Thomas McCabe
### *v.*
## Amanda Porter *et al.*

1. Practice—*restoring lost records.* If a petition under the act to provide for restoring lost records is amended in a material respect, the amendment should be sworn to; but if the amendment is only formal, and not as to material matters, it is not necessary that it should be sworn to.

2. The statute providing for restoring lost records does not require the evidence to be preserved, and where the decree is in accordance with the requirement of the statute, and the evidence is not preserved in the record, it will not be presumed that the court rendered the decree on insufficient evidence.

Appeal from the Superior Court of Cook county; the Hon. Josiah McRoberts, Judge, presiding.

Mr. Thomas Shirley, for the appellant.

Messrs. Avery & Comstock, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an application under the "Act to provide for the restoration of court records which have been lost or destroyed," in force March 19, 1872, to restore the record of a certain judgment in ejectment, in favor of appellees' intestate, against the appellant, which had been destroyed by fire.

The first objection urged to the order of the court below is, that the petition was amended while the suit was pending and before final hearing, and the amended petition was not sworn to. We have looked into the record, and the petition there found appears to us to be sufficient, and properly sworn to. If a material amendment was made, the petition should have been sworn to after it was amended; if, however, the amendment was purely formal, and not as to material matters, it was unnecessary. Of what character this amendment was we are not informed, and must, hence, presume in favor of the regularity of the action of the court below.

It is next objected, that the court heard no evidence. Appellant demurred to the petition, and upon the demurrer being overruled, made no further answer. The statute does not require that the evidence shall be preserved, and inasmuch as the proceeding is purely statutory, no more need be done than it requires. It simply makes it the duty of the court, if upon hearing it shall be satisfied that the statements contained in the written application are true, to make an order reciting what was the substance and effect of the lost or destroyed record. The order, in the present instance, seems to meet this requirement, and we can not presume, in the face of it, that the court acted upon evidence which failed to satisfy it that the statements contained in the written application were true. If,

in the opinion of appellant, the evidence was insufficient to warrant the making of the order, he should have preserved it by bill of exceptions, and thus brought it before us.

We discover no error in the record, and the order of the court below is, therefore, affirmed.

*Judgment affirmed.*