INHABITANTS OF GRAY *vs.* COUNTY COMMISSIONERS.

Cumberland.    Opinion April 18, 1891.

*Way.    Appeal.    R. S., c. 18, § 48.    Stat. 1885, c. 359, § 7.*

Statutes are to be interpreted with reference to their subject-matter, the

antecedent and subsequent legislation, and the difficulties sought to be remedied.

The court will give effect to the legislative intent, and not defeat it by adhering too rigidly to the letter of the statute.

The meaning of a remedial statute may be extended beyond the precise words of the act, when the reason on which the legislature proceeded, the end in view, or the purpose designed, is made clear.

*Held:* That the right of appeal, from the location of a town way by the County Commissioners on the unreasonable refusal of the municipal officers, was restored by statute of 1885, c. 359, § 7; and the provisions of § 48, c. 18, of R. S., instead of § § 49 to 51, must apply to such appeals; also that the same section respecting the time for taking the appeal must prevail over section (19) nineteen.

ON EXCEPTIONS.

This was an appeal from the decision of the county commissioners, for the County of Cumberland, in locating a town way in the town of Gray.

The municipal officers having on petition of these petitioners, refused to locate said way, they within one year thereafter presented their petition to the county commissioners, who after due notice viewed the way, heard the parties and adjudged the way to be of common convenience and necessity, and located the same and made due return of their doings at their next regular session after the hearing, which was on the first Tuesday of January, A. D., 1889.

The appellants appeared at that session, claimed and filed their claim for appeal, and then took their appeal to the term of the Supreme Judicial Court for said county, begun and holden on the second Tuesday of January, A. D., 1889, when they entered their appeal.

The petitioners appeared on the first day of said January term and moved that the appeal be dismissed, which motion was overruled by the court.

Thereupon, against the objections of the petitioners, the court proceeded to appoint a committee to examine and report whether the judgment of the commissioners should be in whole or in part affirmed or reversed, to which rulings of the court at said January term, these petitioners excepted, and their exceptions were then filed and allowed by the court, and the same were again taken and urged, and made a part of these exceptions.

When said committee met pursuant to notice, the petitioners, before the committee had taken any action, filed their objections to the proceedings and their protest and objections to the right of the committee to act in the premises ; and expressly reserved all rights of objection, and waived no rights in taking part in opposing the claims of the appellants before said committee ; which protest and objections were reported in full by the committee.

The committee, notwithstanding the objections of the petitioners proceeded, heard the parties and made their report to the October term, 1889, of the Supreme Judicial Court, reversing in whole the judgment of the county commissioners, and that the costs from the time of the appeal and their fees be paid by the appellants ; to the acceptance of which report, the petitioners filed their written objections.   The court, however, overruled the objections and accepted the report.   To these rulings, &c., the petitioners excepted.

*Frank and Larrabee,* for petitioners.

The question whether there was an appeal or not, and if there was, whether it was properly taken in this case, is purely a judicial one.   So far as the act, c. 251, Stat. 1889, attempts to affect that question, it invades the province of the judiciary and is unconstitutional.   *Lewis* v. *Webb,* 3 Maine, 326 ; Const. of Maine, Art. III, § 2.   R. S., c. 1, § 5.

At the time the ruling in question was made, January term, 1889, the right of appeal, if any, rested upon the provisions of § 10, c. 18, R. S., as amended by § 7, c. 359, statutes of 1885, which is that the party interested "has the same right of appeal as is provided in § § 49 to 51 inclusive."   By neither of these or the inclusive sections, is a "right of appeal provided."   The provision of an appeal is made by § 48.

As this appeal is purely a statute proceeding, the provisions of statute relating to it should be construed strictly ; and if the statute fails to provide an appeal in explicit and direct terms, no appeal should be allowed, especially as the court of county commissioners in such matters, is itself an appellate court.

In the case of highways where the county is supposed to be

interested, and there might be reason in some cases to believe that the commissioners would be influenced to act in accordance with what they regarded as the interest of the county rather than for the general public interest, there is good reason for providing a revisory board; but in the case of town ways, no such reason could exist.

It may be said that the reference to § § 49 and 51 inclusive, was an error. The legislature so regarded it, for they corrected it by c. 251, Stat. 1889. But this court is not responsible for the errors of the legislature, and will not undertake to correct them.

The appeal was premature and should have been dismissed. If allowable it was only under § 19, R. S., c. 18. *Webster* v. *Co. Com.* 63 Maine, 27.

If it be claimed that all these errors are cured by c. 251, Stat. 1889, which is declared to be retroactive and to affect pending cases, our reply is, aside from the question whether the fixed and vested rights of parties litigant can be affected by such enactments, that the ruling in question was made, and the exceptions to it were taken and allowed before Chap. 251 was enacted, and the question now to be considered is, was that ruling correct.

*W. H. Vinton,* for appellants.

WHITEHOUSE, J. The county commissioners located a town way which it was alleged the municipal officers unreasonably refused to lay out, and made return of their doings at their next regular session after the hearing. The appellants appeared at that session and took an appeal to the next term of the Supreme Judicial Court. The motion to dismiss the appeal was overruled by the court and a committee appointed to determine whether the judgment of the county commissioners should be in whole or in part affirmed or reversed. At the next term of that court, the report of the committee reversing the judgment of the county commissioners was presented, and against objection accepted by the court. To all of these rulings the petitioners have exceptions.

It is contended, in the first place, that there was no statute in existence at that time authorizing such an appeal from the county commissioners, and secondly, if the appeal was allowable it was prematurely taken and allowed.

An examination and comparison of the several legislative enactments applicable to this subject, taken in chronological order, will clearly show that the right of appeal from the county commissioners in this class of cases, at the time in question, may be sustained without a violation of any of the established principals controlling the interpretation of statutes.

It was provided by ch. 123, Laws of 1862, as an amendment to § 22, ch. 18, Revised Statutes of 1857, respecting town ways, that when the decision of the county commissioners " is returned and recorded, parties interested have the same right to appeal to the Supreme Judicial Court in said county, and also the same right to have their damages estimated by a committee or jury as is provided in this chapter respecting highways." As thus amended the statute appears as section 23 of chapter 18 of the Revised Statutes of 1871. Section 37 of the same chapter provided, respecting the location of the highways, that the appeal from the decision of the county commissioners might be taken "at any time after it has been entered of record before the next term of the Supreme Judicial Court." Thus it will be seen that sections 23 and 37 of chapter 18, R. S., 1871, were in harmony respecting the time for taking the appeal, both requiring it to be done after the decision of the county commissioners was recorded. But section 37 was amended by chapter 91 of the Laws of 1873, so as to authorize the appeal at any time "after their return has been placed on file ;"— and thus the provision stands in the Revised Statutes of 1883, chapter 18, section 48. But a corresponding change was not made in section 23, the appeal being still authorized by that section only after the decision was " returned and recorded." These conflicting provisions were permitted to remain on the statute books until the revision of 1883 ; but the amendment of 1873 authorizing the appeal after the return had been placed on file, being the latest expression

of the legislative will, was presumably deemed to be the only one having the force of law, and hence the apparent inconsistency seems never to have been brought directly in question before the court.

The right of appeal "as provided respecting highways," thus given by the act of 1862, and incorporated in the Revised Statutes of 1871, was never expressly or designedly taken away or modified by any subsequent legislation; but as the result of an effort to condense and improve the language of this section in the revision of 1883, the appeal was inadvertently restricted to the question of damages, and the right to appeal from the decision of the county commissioners respecting location was lost altogether. (See last sentence of section 19, chapter 18, R. S., 1883.)

The next legislature sought to remedy this serious defect and restore the right of appeal as it had existed under the act of 1862. Section 19, chapter 18, R. S., 1883, was accordingly amended by section 7, of chapter 359, Laws of 1885, so as to provide that a party interested should have the same right to appeal to the Supreme Judicial Court "as is provided by sections 49 to 51 inclusive." These sections prescribed in detail the mode of prosecuting the appeal which is first mentioned and expressly authorized in section 48 respecting highways; and if the amendment had been drawn with verbal accuracy, it would have specified section 48 instead of 49 as the place of beginning and given the right to appeal "as provided in sections 48 to 51 inclusive." All these verbal incongruities were removed by chapter 251 of the Laws of 1889,— but of this act we take no note in this case except as an illustration of the intention of the legislature of 1885, which however was already sufficiently obvious. The purpose of the enactment of section 7 of chapter 359, Laws of 1885, cannot for a moment be questioned. When the language is interpreted with reference to the subject matter, the antecedent and subsequent legislation touching the same matter and the difficulties sought to be remedied, it discloses beyond the shadow of a doubt an intention on the part of the legislature to restore the right of appeal from the county com-

missioners, in this class of cases, as provided respecting highways. And guided by familiar rules of interpretation recognized and approved by our state and federal courts, we are fortunately enabled to give such a construction to the enactment as will effectuate and not defeat the legislative purpose.

party interested may appeal from the decision of the county com-

Section 48 provides respecting the location of highways that any missioners at any time after it has been placed on file, . . . and before the next term of the Supreme Judicial Court, at which term such appeal may be entered. Sect. 49 provides. that if "the appeal" is then entered, not afterwards, the court may appoint a committee to revise the action of the county commissioners, and with sections 50 and 51, continues to give a full description of the method of making the appeal available to the appellant. "The appeal" named in sections 49 to 51 inclusive is the appeal authorized by section 48. It can reasonably refer to no other appeal. The amendment of 1885 declares that the "party interested has the same right to appeal to the Supreme Judicial Court as is provided in sections 49 to 51 inclusive." The right to appeal thus given is the right given in section 48 respecting highways. The language of the amendment construed in connection with the provisions of the sections expressly named in it, must be held to carry with it by implication a reference to and adoption of the provisions of section 48. Sedgwick on Stat. and Con. Constr. 196, 226, 291–306; and for Vattel's Rules, *Id.* 266; Lieber's Hermeneutics, 283; Endlich on the Interpretation of Statutes, § § 295, 296 and 302.

In *Oates* v. *National Bank*, 100 U. S. 239, the court say, "The duty of the court, being satisfied of the intention of the legislature clearly expressed in a constitutional enactment, is to give effect to that intention and not to defeat it by adhering too rigidly to the mere letter of the statute or to technical rules of construction. *Wilkinson* v. *Leland*, 2 Pet. 627. And we should discard any construction that would lead to absurd consequences. *U. S.* v. *Kirby*, 7 Wall. 482. We ought rather, adopting the language of Lord Hale to be 'curious and subtle to invent reasons and measures' to carry out the clear

intent of the law-making power when thus expressed.  A thing which is within the intention of the makers of the statute is as much within the statute as if it were within the letter.  *Suckley* v. *Furse*, 15 Johns. 338 ; *The People* v. *Utica Ins. Co. Id.* 358."

In *U. S.* v. *Freeman*, 3 How. p. 554, the court say,  "The correct rule of interpretation is that if divers statutes relate to the same thing they ought all to be taken into consideration in construing any one of them, as it is an established rule of law that all acts *in pari materia* are to be taken together as if they were one law. . . "The meaning of the legislature may be extended beyond the precise words used in the law from the reason or motive upon which the legislature proceeded from the end in view or the purpose which was designed."  So in *Murray* v. *Baker*, 3 Wheat. 541, it was held that the words "beyond seas" in a state statute of limitations, incautiously borrowed from an English act, was construed by the federal court to mean " out of the state."

In many cases involving similar discrepancies the decision is based on the maxim, *falsa demonstratio non nocet*, and an equitable construction given to the language of the act in question, *ut res magis valeat quam pereat*.  For instance, in *People* v. *King*, 28 Cal. 273, an amendment in 1863 expressly referred to section 293 of an earlier act, when the manifest intention was to make the reference to section 296, the latter being the only one to which, in view of the subject-matter, the amendment could properly refer.  It was accordingly treated by the court as a case of "false description," and the act construed as though the reference had been expressly to section 296.  See also *Sch. Directors* v. *Sch. Directors*, 73 Ill. 244 ; *Gibson* v. *Belcher*, 1 Bush. (Ky.) 145 ; *Blake* v. *Brackett*, 47 Maine, 28.

In *Garby* v. *Harris*, 7 Exch. 591, where one section of an act provided that if the plaintiff recovered a sum " not exceeding" five pounds he should have no costs, and another that if he recovered "less than" five pounds, he should have the costs ; the act literally construed being inoperative when the sum recovered was exactly five pounds, it was held that the words

"less than" should be read as equivalent to "not exceeding."

See also *Holmes* v. *Paris*, 75 Maine, 559 ; *Bennett* v. *Express Co. ante, p.* 236.

Nor was the appeal prematurely taken and entered. We have seen that the manifest purpose of the legislature was to restore the appeal as provided respecting highways. This includes the time of taking and entering the appeal and the mode of prosecuting it. By section 48, chapter 18, R. S., it may be taken at any time after the decision has been "placed on file." True, section 19 authorizes it to be taken when the decision is returned and recorded, but if two laws conflict with each other that must yield the effect of which is less important. Lieber's Rule, 14. A statute provided that when an assignment was made to the judge of probate, all payments, etc., made within three months next before said assignment and after the passage of this act and before the first of September next, shall be void. And in *Leavitt* v. *Lovering*, 64 N. H. 607, the court say in relation to this statute, "The unmistakable intent of the statute was to make all payments void after the passage of the act and within three months next before the date of the assignment. No effect consistent with this intent can be given to the words 'and before the first of September next,' and they must be rejected as without meaning."

The provision in section forty-eight respecting the time for taking the appeal must prevail over that in section nineteen.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.