### DANIEL L. BOWEN vs. CITY OF PORTLAND.

#### Cumberland.    Opinion August 7, 1920.

*Tenure of the office of chief of police of Portland. Chapter 370, of the Private and Special Laws of 1909. Duration of term definitely fixed by law. Beginning of first term also definitely fixed by law. Intention controls in construction of statute. Terms of office are regular recurring periods of time, regardless of the time of the exercise of the perogative of appointive power. Where the length of duration of a term of office is fixed by law, and a definite time determined when the first term is to begin, the period of time to be included in each successive term begins at the fixed and definite time of expiration of each preceding term, and a holding over beyond such fixed and definite time of expiration, does not effect, prolong or change, the time of expiration of any succeeding term.*

Regular terms of the office of chief of police in the City of Portland succeed each other at quinquennial intervals, beginning with the day that the statute authorizing appointments thereto first had effect.

The plaintiff's term of office as chief of police expired with the second day of July, 1919. From that time on he is without right to salary of the office.

On report on agreed statement.

An action of assumpsit to recover of defendant amount alleged to be due plaintiff as salary as chief of police of Portland which accrued from June 30, 1919 to date of writ, the salary being two thousand dollars per annum. Plea, the general issue. Defendant made a legal tender of amount due plaintiff as salary accruing between June 30, 1919 and July 3, 1919, which was refused.

The sole issue between the parties was as to whether the tenure of the office continued for five years from date of appointment, or to the expiration of the five-year period or interval, within which the appointment was made, the first and the only other five-year period or interval having had its beginning on the date the act fixing the tenure of office at five years, became effective, viz: July 3, 1909. The act referred to being Chapter 370 of the Private and Special Laws of 1909. Judgment for defendant in accordance with the stipulation of the report.

The case stated in the opinion.

*Arthur D. Welch, and William C. Eaton,* for plaintiff.
*Henry P. Frank, John T. Fagan, and H. C. Wilbur,* for defendant.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY. JJ,

MORRILL, WILSON, JJ. Concur in result.

DUNN, J. For twenty-four years up to 1909, the marshal or head of police in Portland was appointed by that city's mayor, and held office at the latter's will. In 1909, by Chapter 370 of the Private and Special Laws, operative July 3rd, the Legislature enacted:

"The chief of police shall be appointed by the mayor and shall hold office for the term of five years. . . . . The present chief of police shall be eligible to appointment under the provisions of this section, and if appointed his term shall begin from the time this act takes effect. Vacancies in said office shall be filled from the unexpired term."

In point of fact it may be stated, though not specifically related to the question this case involves, that the engrossed bill in the office of the Secretary of State shows original text of the law to be that vacancies shall be filled "for" and not "from" an unexpired term.

After the act became effective, Walter H. Dresser, then head of the police department in Portland, was appointed to be chief of police.

His commission embraced a term of five years, predating in count four days to the day on which and from which the statute first was efficient. At the expiration of his term by limitation of time, on July 2nd, 1914, no one clothed with insignia of office and empowered to exercise its functions, appeared as his successor. Accordingly, Mr. Dresser held office over until plaintiff came forward, exactly four months later, bearing commission, dated some three weeks earlier, "for the term of five years . . . . from the date of qualifying of said appointee." Dresser thereupon retired from and plaintiff assumed official station. On July 3rd, 1919, while, as plaintiff claims, four months of his five-year term yet remained, Mr. Irving S. Watts was duly appointed chief of police. Mr. Watts at once qualified. Plaintiff, throughout the four-month period next following, demanded that he himself, and not Watts, should be recognized as chief. His insistence being that official term for him continued for five consecutive years, reckoning from the time he entered office. Defense is rested on the theory that regular terms of the office succeed each other at quinquennial intervals, beginning with the day that the authorizing statute first had effect. Practical inquiry is what certain language in the statute means.

In the record of legislative doings, as elsewhere, dexterity of phrase is not always revealed. Nevertheless, meaning usually is as scrutable as though all the resources of burnished rhetoric obtained. The highest of all canons for the construction of a statute is that intention will control interpretation. No clearer statement has been made as to the dominating influence of intention than that which is found in Kent's Commentaries: In the exposition of a statute the intention of the lawmaker will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter. When the words are not explicit the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the remedy in view, and the intention is to be taken or presumed according to what is consonant with reason and good discretion. 1 Kent's Com., Section 462.

Modern tendency concerning incumbency of public office is toward the establishment, either by constitution or by statute, of terms of definite duration. This idea is strongly suggested in *French* v. *Cowan,* 79 Maine, 426. That case and *Wilson* v. *McCarron,* 112 Maine, 181, arose under the self-same statute. Decision in the first mentioned was shaped by the rule that mandamus is not an appropri-

ate remedy to try title to office as against one in possession under color of right. Viewing that case in the aspect of what was regarded as its merits, this court remarked that contestants each claimed the same official station under a statute which, when read in connection with the act it amended, divided the terms of office of city marshal in Lewiston into biennial periods, following each other, closely and continuously, from an initial starting point. But this statement, being alien from the determinative factor in the case, does not attain above dictum. More recently, in *Wilson* v. *McCarron*, supra, the court, differently interpreting statutory situation, held that the Legislature had created an office and designated length of its term, but had not undertaken to define the time when the term should begin or end, and that it had made no provision for filling vacancy. What Mr. Justice Foster said as dictum in the one case and Mr. Justice Haley spoke in speaking the court's decision in the other, is supported by reasoning and principle, argumentatively ascribing accuracy to respective primary premise.

In the present case, the statute provides that, subject to removal, the chief of police "shall hold office for the term of five years." Stopping there, meaning is clear. There are no words of limitation, as in the general statute relating to tenure of certain public officers, like "and no longer, unless re-appointed." R. S., Chap. 2, Sec. 41. Nor is beginning of term expressly marked as in the Constitution: "All judicial officers hold their offices  .  .  .  .  from the time of their respective appointments," Article VI, Section 4; or, "Judges and registers of probate shall hold their offices for four years, commencing on the first day of January next after their election." Article VI, Section 7. Thus far the language of the statute is virtually the same as that in the Constitution relating to tenure of office of judges of municipal courts, who "shall hold their offices for the term of four years," Article VI, Section 8. But the statute proceeds: "The present chief of police shall be eligible to appointment,  .  .  .  . and if appointed his term shall begin from the time this act takes effect. Vacancies in said office shall be filled for the unexpired term." Cursory reading would indicate beginning of term as fixed in the event "present chief of police" were appointed, and solely in such event. But the "present chief of police" was already eligible to new appointment. Reference in the act to him, as one eligible for appointment to office, signified not more than his holding of office manifested.

Nor did the Legislature direct his appointment; determination of that subject it left to the option of the mayor. But the existing commission of the "present chief of police" the new statute probably would terminate. To make clear it intended no discrimination against him, in removing tenure of office from the pleasure of appointive agency, but designed only to make the term more secure than it was before, the Legislature said, in substance: When this act becomes effective, the present chief of police shall be eligible for appointment to the term which shall then begin, if the mayor shall elect to appoint him. This interpretation may not follow exact purport of the words actually used, but it gives sensible and intelligible effect to language readily lending itself thereto. The statute not only measures up to all the requirements indicated in *Wilson* v. *McCarron*, supra, as essential to the fixing of a definite term, but its interpretation would find abundant support in *French* v. *Cowan*, supra, were that case authoritative in citation on the query here.

The statute became effective July 3, 1909. That day marked starting point for the first regular term. That term continued by force of the appointment to July 3, 1914. By operation of law the incumbency of the appointee for the first regular term was prolonged, beyond the expiration of specific appointment, to November 2nd, 1914, awaiting coming of a successor; such appointee, without further designation, meanwhile continuing an arm of the law, holding office as a trust of the State. *Bath* v. *Reed*, 78 Maine, 276; *Bunker* v. *Gouldsboro*, 81 Maine, 188; *Auburn* v. *Water Power Company*, 90 Maine, 71. Then plaintiff came; not to fill out what remained unexpired of a five-year term—for the office was not vacant in the sense of being destitute of lawful occupant—though for four months it was in condition that appointment thereto might have been made; but he came to occupy for the second regular five-year period, four months of which conjoined acts of the mayor and himself had caused to lapse. That lapsing they were as powerless to repair as man is to restore a day that is done. The plaintiff's term of office as chief of police in Portland expired with the second day of July, 1919. From that time on he is without right to salary of the office.

In accordance with the stipulation of the report, judgment will be entered,

*For the defendant.*