Elliott W. Howe *vs.* Abbie M. Gray, Admx.

Oxford.    Opinion December 22, 1920.

*Actions against executors and administrators. R. S., Chap. 92, Sec. 14, as amended by Public Laws of 1917, Chap. 16, Sec. 7. The phrase "supported by an affidavit of the claimant" is restricted to claims filed in the Registry of Probate, and does not apply to claims presented in writing to the administrator or executor.*

This case comes up on demurrer. The declaration is founded upon two promissory notes against the administratrix of an estate. As to each note the plaintiff alleges as follows: "That on the first day of May, 1919, being within eighteen months after the qualification of the said Abbie M. Gray in her capacity as administratrix of the estate of the said George C. Gray and at least thirty days before the commencement of this suit, the claim herein declared on was presented in writing to the said administratrix and payment thereof demanded, yet the said defendant has never paid the same, etc."

To this declaration a special demurrer was seasonably filed. The demurrer was joined, and overruled by the presiding Justice, to whose ruling exceptions were taken.

The real question is, does the phraseology of the statute, "supported by an affi-
davit by the claimant," apply to the claim presented to the administrator
or executor, as well as to the claim filed in the Registry of Probate?
*Held*:
That it does not.

On exceptions by defendant. This is an action of assumpsit
by Elliott W. Howe against Abbie M. Gray, administratrix of the
estate of George C. Gray, on two promissory notes of $1,000 each.
The defendant filed a demurrer to the declaration alleging that
the claim in writing which it is alleged in the declaration was pre-
sented to the defendant in her capacity as administratrix, was not
supported by the affidavit of the claimant or some other person
cognizant thereof. The demurrer was joined and overruled by
the presiding Justice, and the defendant excepted.

Exceptions overruled.

Case stated in the opinion.

*Ralph T. Parker*, for plaintiff.

*Chapman & Brewster*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, JJ.

SPEAR, J. This case comes up on demurrer. The declaration
is founded upon two promissory notes against the administratrix
of an estate. As to each note the plaintiff alleges as follows: "That
on the first day of May, 1919, being within eighteen months after
the qualification of the said Abbie M. Gray in her capacity as admin-
istratrix of the estate of the said George C. Gray and at least thirty
days before the commencement of this suit, the claim herein declared
on was presented in writing to the said administratrix and payment
thereof demanded, yet the said defendant has never paid the same
etc."

To this declaration a special demurrer was seasonably filed as
follows:

"1. That it does not appear therein that the plaintiff has ever
presented to the defendant in writing or filed at the Registry of
Probate supported by an affidavit of the claimant or some other
person cognizant thereof the claim declared upon in said declara-
tion as required by the Statutes of the State of Maine made and
provided.

"2. That no notice of the claim herein declared upon was given to the defendant thirty days at least before the commencement of this action in the manner and form required and provided for by the Statutes of the State of Maine."

The demurrer was joined, and overruled by the presiding Justice, to whose ruling exceptions were taken.

R. S., Chap. 92, Sec. 14, as amended by Public Laws of 1917, Chap. 16, Sec. 7, under which the action is brought, reads as follows: All claims against the estate of deceased persons. . . . . shall be presented to the executor or administrator in writing, or filed in the Registry of Probate, supported by an affidavit of the claimant or of some other person cognizant thereof either before or within eighteen months after the qualification etc."

The real question is, does the phrase "supported by an affidavit by the claimant" apply to the claim presented to the administrator or executor, as well as to the claim filed in the Registry of Probate? We are of the opinion that it does not.

The interpretation of this statute depends upon discovering the intention of the Legislature, and must be considered in pari materia with all other provisions of the statute relating to the same subject matter. It will serve no useful purpose to consume the time and space in an opinion to correlate the different statutes bearing upon the interpretation to be given the statute in question. Upon a careful examination of the history of the statute in question and kindred statutes, so ably discussed in both the argument of the plaintiff and the defendant, we are of the opinion that the weight of authority and reason supports the plaintiff's contention.

In the first place the statute clearly states and was intended to give an alternative in the choice and manner of presenting a claim against an estate.

The first and usual way, and a method that has been generally followed so far as we are aware, is to present the bill against the estate to the administrator or executor. The second and less usual way is to file the claim in the Registry of Probate supported by affidavit. This latter course was undoubtedly intended as much of a protection to the claimant as to the estate, as in this manner positive record evidence of filing his claim would be preserved.

That the first method was intended to be sufficient without affidavit is fully corroborated by the provisions of R. S., Chap. 68, Sec. 65, which reads as follows: "Executors or administrators *may* require any person making a claim against the estate of their testator or intestate, to present said claim in writing, supported by the affidavit of the claimant, or of some other person cognizant thereof stating what security the claimant has, if any, and the amount of credit to be given, according to the best of his knowledge and belief."

This latter statute is a complement of R. S., Chap. 92, Sec. 14, with respect to the requirement of an affidavit and clearly implies that no affidavit is required in the first instance, but says, in effect, if occasion arises in which the administrator may deem it advisable to obtain a more detailed and accurate statement of the debt and credit side of the claim, that he can avail himself of Chap. 68, Sec. 65, and demand an affidavit.

We think when these two statutes are read together, it is very apparent that the latter was intended to enlarge the power of the administrator or executor whenever in his judgment he might deem it advisable for the protection of the estate. It gives him power to accomplish all the defendant claims is required by his interpretation of the first statute, and therefore obviates any necessity for invoking such interpretation. Accordingly the reason for the interpretation having failed the interpretation itself fails.

*Exceptions overruled.*