GEORGE A. MIDDLETON'S CASE.

Sagadahoc.     Opinion, January 9, 1939.

*Edward W. Bridgham,*
*Harold J. Rubin,* for appellant.
*William B. Mahoney,* for appellees.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MAN-
SER, JJ.

DUNN, C. J.   The petitioner-appellant, who will hereinafter be
called petitioner, suffered, on January 29, 1937, a personal injury
by accident arising out of and in the course of his employment.

The result was a hernia in the man's left groin. The hernia,
with its sac, having been surgically replaced, was then subjected
to a constant compression, by means of a truss.

Compensation for incapacity was awarded the injured employee.

In June, 1937, the abdominal parts which surgery had divided
having healed, the employee, medical authority to which he had
recourse approving, returned to his work in a shipyard.

He had steady employment until February 6th, 1938, when he
was laid off.

Perceiving later, so is his testimony, that he was afflicted with a
recurrence of the hernia, he applied, on February 25, 1938, for
further compensation.

The case came on for hearing before a single member of the In-
dustrial Accident Commission.

Controversy narrowed, on the pleadings, to whether the peti-
tioner's disability was attributable to a reappearance of his
former hernia; the respondent-appellee (hereinafter styled re-
spondent only) interposed contention of a new hernia.

The commissioner, on finding that the petitioner had not estab-
lished the truth of the given issue by such a quantum of evidence as
the law demands, ordered the petition dismissed.

The Industrial Accident Commission, it is pertinent here to
notice, may not enforce its orders and decisions by process emanat-
ing from itself.

The Legislature has indicated, as enforcing machinery, the
entry, as a matter of form, by any Justice of the Superior Court,
of a decree which shall conform to the conclusion of the Industrial
Accident Commission. R. S., Chap. 55, Sec. 40.

The statute is that any person in interest may present, within
twenty days, to the Clerk of Courts in the county where the acci-
dent occurred, (the expression "court" of later use obviously means
the same thing), certified copies of Commission orders and de-

cisions, together with accompanying papers, whereupon there shall be the signing and entry of decree accordingly. R. S., *supra*.

The petitioner duly filed certified copies of the decision bearing date April 25, 1938, and of the appertaining documents, in the office of the Clerk of Courts in Sagadahoc, the proper county.

A decree was not actually signed until June 14, 1938.

In Sagadahoc county, no Superior Court Justice has, in the sense of domicile, his residence.

The court itself was in vacation.

Call for statute construction presents.

The intent, rather than the letter of a statute, as the statute itself, read in the light of legislative purpose, expresses such intent, should prevail. *Winslow* v. *Kimball*, 25 Me., 493; *Gray* v. *Commissioners*, 83 Me., 429, 22 A., 376; *In re Penobscot Lumbering Association*, 93 Me., 391, 45 A., 290; *Cheney* v. *Cheney*, 110 Me., 61, 85 A., 387; *Tremblay* v. *Murphy*, 111 Me., 38, 88 A., 55; *State* v. *Blaisdell*, 118 Me., 13, 105 A., 359; *Bowen* v. *Portland*, 119 Me., 282, 111 A., 1; *Howe* v. *Gray*, 119 Me., 465, 111 A., 756. Spirit and purpose and policy are to be regarded. Sutherland, Statutory Construction, (2d ed.), sec. 348; *Gray* v. *Commissioners*, supra. The object the statute designs to accomplish serves oftentimes as a key to intricacies. The true meaning of any clause or provision is that which best accords with the subject and general purpose of the statute. *Holmes* v. *Paris*, 75 Me., 559; *Stewart* v. *Small*, 119 Me., 269, 110 A., 683; *Tarbox* v. *Tarbox*, 120 Me., 407, 115 A., 164.

The general purpose of this statute was to facilitate finality of decision in respect to whether an injured workman was, or not, within the protection of the compensation law.

Petitioner seasonably filed the papers in the Clerk's office. But respondent might have done so, and might have procured, perhaps, the signing of a decree by a Justice of the court. So far as appears, it neither did the one thing nor made effort to do the other.

Petitioner, having filed the papers, awaited the coming in circuit of a Justice of the Superior Court, in June; the decree, as stated before, was then signed.

This, nothing disclosing to the contrary, was done, to be effective as of the appointed time. *Ellis* v. *Warren*, 35 Me., 125; *Toole*

v. *Bearce*, 91 Me., 209, 39 A., 558; *Dunn* v. *Motor Company*, 92 Me., 165, 42 A., 389.

Respondent was not prejudiced; the appeal was within ten days. On the merits, the appeal must fail.

The petitioner himself bore witness that, ever since the 1937 operation, his left inguinal region had been increasingly sore, and that, had he not been laid off, he would have quitted his job.

The petitioner's wife, witnessing, said that her husband always, after the operation, complained of pain and soreness, and that, by way of possible relief, he would lie abed.

Such condition, a doctor testified, was not unusual following a surgical operation, and might continue indefinitely.

A medical witness called by petitioner said, on the stand, that the latter had, on physical examination on March 8, 1938, "a small hernia near the upper angle of the old one."

Q. "Is this a new hernia or is it an old one?"
A. "I can't tell you, sir. It is right close to the upper end of the old skin incision. . ."
Q. "Well, is there any way to determine whether this is through the scar of the first (alluding to a herniated condition repaired in 1932) or second (1937) incision?"
A. "I don't know of any way to determine that."

The surgeon who operated in 1937 was called to witness. He answered the question:

"And what was his (petitioner's) condition when you discharged him for work?" in this wise:

"He was cured and the wound area was solid."

The witness placed the 1938 hernia one and one half or two inches above the 1937 one.

Q. "Do you think there was a recurrence of the 1937 hernia?"
A. "I don't think so."
Q. "You think that was a new hernia?"
A. "Apparently, from the location."

The commissioner's finding, preliminary to his order of dismissal, is as follows:

"The employee failed to sustain the burden of proving that the present hernia is a recurrence of the hernia sustained in 1937, or that any incapacity to work since February 6, 1938, is the result of the accident of January 29, 1937."

Abundant evidence sustains negation. Such finding is conclusive on the courts. *Kilpinen's Case*, 133 Me., 183, 175 A., 314.

*Appeal dismissed.*
*Decree below affirmed.*