Tina E. TOOMEY

v.

CITY OF PORTLAND.

Supreme Judicial Court of Maine.

Jan. 26, 1979.

Robert L. Hazard (orally), Portland, for plaintiff.

Deborah Keefe, David A. Lourie (orally), William J. O'Brien, Jr., Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

DELAHANTY, Justice.

Petitioner's husband, a police officer employed by the City of Portland (City) died on November 22, 1972 as a result of an automobile accident. A Petition for Award of Compensation was filed on October 24, 1973. After a hearing, the Industrial Accident Commission, as it was then known,[1] found that the accident arose out of and in the course of the employment and, by decree dated November 28, 1977, ordered the City to make weekly compensation payments of $81.14 to the petitioner.[2] The compensability of the injury was challenged on appeal; we rejected the challenge in *Toomey v. City of Portland*, Me., 391 A.2d 325 (1978).[3]

The focus of this appeal concerns certain actions taken by the Commission in support of its decree under the authority purportedly granted to it by newly enacted 39 M.R. S.A. § 104–A which came into effect on October 24, 1977.[4] Subsection 1 of that statute provides in pertinent part that the employer must begin making compensation payments to the employee "within 10 days after any order or decision of the commission awarding compensation." The statute specifically provides that compensation payments "shall not be suspended thereafter in the event of appeal to the law court from such order or decision . . . ." Subsection 2 of the same statute provides that a maximum penalty of $25 per day "for each day of noncompliance [with the "pay-pending-appeal" provision] shall be assessed against the employer or the insurance carrier."

After the ten-day waiting period provided in subsection 1 had expired, petitioner forwarded a written demand on the City asking that the compensation payments ordered by the Commission be begun. The City flatly refused to make any payments pending its appeal, then in progress, and subsequently sought declaratory relief in the Superior Court, Cumberland County. The complaint in that action asserted that

---

1. By virtue of 1978 Me. Acts ch. 612, the name of the Industrial Accident Commission was changed to the Workers' Compensation Commission.

2. The Commission's decree indicates that the payments were made retroactive to November 22, 1972.

3. A more detailed statement of the circumstances surrounding petitioner's husband's death is included in that opinion.

4. At all relevant times, the statute provided as follows:

The employer or insurance carrier shall make compensation payments as follows:
1. Order or decision. Within 10 days after the receipt [of] notice of an approved agreement for payment of compensation or within 10 days after any order or decision of the commission awarding compensation. Payment shall not be suspended thereafter in the event of appeal to the law court from such order or decision as provided in section 103, except that the commission shall retain jurisdiction, pending the decision on appeal, to enter orders or decisions as provided in section 100. If the commission, after a review of incapacity under section 100, issues an order or decision denying compensation to an employee, compensation shall be suspended from the date of the commission's order or decision, notwithstanding any appeal of that order or decision to the law court as provided in section 103.
2. Failure. In the event of failure by the employer or insurance carrier to pay compensation as provided in this section, a penalty, not to exceed $25 for each day of noncompliance, shall be assessed against the employer or the insurance carrier. All penalties collected shall be deposited with the Treasurer of State.
This section shall not apply to claims involving employees of the State.
If an employer who is required to secure the payment to his employees of the compensation provided for by this Act, fails to do so, he shall be punished by a fine of not more than $1,000 or by imprisonment for not more than one year, or by both. Failure of an employer, after imposition of the foregoing penalty, to secure the payment of compensation under this Act after notice by the commission to such employer to do so shall, as to each such notice, be deemed a further violation in respect thereof and the same penalty shall be imposed. If such employer is a corporation, the president or treasurer, or both, shall be liable for such penalty.

1) Section 104–A ought not be applied retroactively to proceedings initiated before its effective date;

2) under Section 104–A, the Superior Court, and not the Commission, had jurisdiction to impose the penalty;

3) the power to impose penalties could not be delegated to an administrative agency consistent with the Separation of Powers provisions of the Constitution of the State of Maine or with federal due process;

4) the lack of any standards for the assessment of the penalty violated Article I of the Maine Constitution and the Fourteenth Amendment to the Constitution of the United States; and

5) the Legislature's failure to provide any mechanism for the recovery of amounts paid to an employee by a successful appellant violated due process.

On January 16, 1978, while the City's action for declaratory relief was still pending, petitioner filed a Motion to Invoke Penalty with the Industrial Accident Commission. The Motion alleged that the City had failed to make compensation payments pending appeal as required under Section 104–A and demanded that the Commission order the City to pay the maximum penalty of $25 per day. After a hearing on the Motion, the Commissioner entered a decree on March 9, 1978 ordering the City to pay $25 per day for each day of noncompliance with the Commission's order of November 28, 1977.[5] After obtaining a pro-forma decree from the Superior Court, Cumberland County, affirming the Commission's March decree, the City initiated this appeal challenging both the "pay-pending-appeal" and the penalty provisions of the statute on grounds substantially similar to those advanced in its complaint for declaratory relief.[6] Pursuant to an agreement between the parties, the City began making weekly compensation payments to petitioner sometime after the Commission's March decree. It has never made any penalty payments.

We decline to consider the validity of the "pay-pending-appeal" aspect of the statute finding the question to be moot; we do reach the question of the validity of the $25-per-day penalty, however, and sustain the City's appeal on the ground that the statute does not grant to the Commission the power to impose the penalty.

■ *Toomey v. City of Portland, supra,* was decided on September 6, 1978. As of that date, the City's duty to conform to the obligations of the Commission's decree was finally established: it must make *all* weekly compensation payments retroactive to the time of the injury and including the ten-month period between the entry of the Commission's decree in November of 1977 and our denial of the City's appeal in September of 1978. Since petitioner is entitled to the payments covering that period irrespective of the validity of the "pay-pending-appeal" portion of the statute, a determination of its validity would have no effect on the rights of either party. Accordingly, the question, having been rendered moot by our decision, will not be considered. *Hazzard v. Westview Golf Club, Inc.,* Me., 217 A.2d 217, 226 (1966).

■ The soundness of the Commission's decree of March, 1978, assessing the maximum penalty of $25 per day against the City remains unaffected by our decision in *Toomey.* The penalty provision in Section 104–A is simply an enforcement device built into the statute in an effort to insure compliance on the part of employers with the "pay-pending-appeal" provision of Section 104–A. The validity of the $25-per-day penalty imposed by the Commission is therefore an independent issue cognizable on this appeal.

---

**5.** Although Section 104–A calls for a daily penalty "*not to exceed* $25," (emphasis supplied), the Commissioner imposed the maximum penalty without taking evidence or hearing argument on what an appropriate penalty would be. His decision does not explain why the maximum, rather than some lesser amount, was ordered.

**6.** The action seeking declaratory relief appears to have been abandoned.

■ Section 104-A contains no express legislative grant to the Commission of the power to impose penalties;[7] subsection 2 of the statute merely states that a penalty "shall be assessed" against recalcitrant employers. The lack of any express grant of power to the Commission is fatal to the petitioner's position, for we have consistently held that the Commission "has only the power that is expressly granted by statute." *Anania v. City of Portland*, Me., 394 A.2d 782, 784 (1978); *Levesque v. Levesque*, Me., 363 A.2d 951, 953 (1976); *Joyce v. Conary*, Me., 317 A.2d 794, 795 (1974); *Conner's Case*, 121 Me. 37, 40, 115 A. 520, 521 (1921).

Furthermore, to hold that Section 104-A empowers the Commission in effect to enforce its own decrees would mark a significant deviation from prior law. Until Section 104-A was enacted, it was clear that a party seeking to enforce a Commission decree was required first to obtain a Superior Court pro forma decree under Section 103. He could then pursue his remedies under Section 104 in Superior Court. We have on several occasions construed Maine's workers' compensation statutes as vesting the enforcement power in the Superior Court and not in the Commission. *Matthews v. R. T. Allen & Sons, Inc.*, Me., 266 A.2d 240, 242 (1970) ("It is the [pro forma decree] which gives enforceability to the Commission's decree . . . ."); *Middleton's Case*, 136 Me. 108, 109, 3 A.2d 434, 435 (1939) ("The Industrial Accident Commission . . . may not enforce its orders and decisions by process emanating from itself. The Legislature has indicated, as enforcing machinery, the entry [of a pro forma decree]."). *See also Mullen v. Brown Homes, Inc.*, Me., 358 A.2d 557, 560 (1976) ("The Commission-

er has, . . . obviously, no equitable powers."); *Waltz v. Boston & Rockland Transportation Co.*, 161 Me. 359, 368, 212 A.2d 431, 436 (1965) ("Under our statute remedies in the Courts, including contempt proceedings, are open for recovery of overdue compensation payments."). Again, in view of the statute's silence on this question, we strongly doubt that the Legislature intended to depart from the established scheme, especially since the result of such a departure would be the needless fragmentation of the enforcement power between administrative and judicial bodies.

In light of the already existing statutory framework, we construe the penalty provision of Section 104-A as an enforcement mechanism available to the Superior Court during the period between the procurement of a pro forma decree and final appellate disposition of the claim. Accordingly, the Commission lacked jurisdiction to entertain petitioner's Motion to Invoke Penalty, and its decree of March, 1978, was wholly void and of no effect.[8]

The entry is:

Appeal sustained.

It is further ordered that the employer pay to the petitioner an allowance of $550.00 for her counsel fees plus her reasonable out-of-pocket expenses for this appeal.

ARCHIBALD, J., did not sit.

---

7. The text of the statute is reproduced at note 4 *supra.*

8. In its well-documented brief, the City additionally argues that the construction of Section 104-A advanced by the petitioner and accepted by the Commission violates the Separation of Powers provision found in Article III of the Constitution of the State of Maine. Although our disposition of the case leaves us without

occasion to give full consideration to this argument, we think it appropriate to acknowledge that the City's position raises a serious question and that in construing the statute we have indulged in the usual practice of interpreting legislative enactments so as to skirt any constitutional difficulties. *State v. Fitanides*, Me., 373 A.2d 915 (1977); *State v. Davenport*, Me., 326 A.2d 1 (1974).