202 P.2d 898

WILLIAMS v. INDUSTRIAL COMMISSION.

No. 5081.

Supreme Court of Arizona.

Feb. 15, 1949.

J. A. Williams, in pro. per.

H. S. McCluskey, of Phoenix (Robert E. Yount, of Phoenix, of counsel), for respondents.

148

UDALL, Justice.

Certiorari to review an order of the Industrial Commission of Arizona dated October 31, 1947, making an award to petitioner J. A. Williams for accident benefits and additional benefits for total temporary disability not to exceed sixty days due to a claimed recurrence of non-traumatic bilateral hernia.

From the record we glean the following facts relative to this unique case. On November 3, 1928, petitioner sustained an injury by accident, arising out of and in the course of his employment with the Calumet and Arizona Mining Company at Bisbee. As he was turning a car loaded with about four tons of steel around, he suffered a strain causing an inguinal hernia in the right groin. He received radical operative procedure and an award of 42 days' compensation from the commission. In January of 1938 the petitioner, who was then in the employ of the Phelps Dodge Corporation (this company having acquired the properties formerly belonging to the Calumet and Arizona Mining Company), made claim for additional disability, alleging recurrence of the hernia at the site of the original rupture. The commission accepted the liability and made a second award for accident benefits and compensation not to exceed 60 days. The operation was performed on January 23, 1938. Subsequently, during the month of August, 1938, the petitioner made another application for compensation alleging another recurrence of

the hernia. The commission was doubtful of its authority to make further compensation payment, but under the urging of the employer (the company being a self-rater) the commission made its third award (dated October 25, 1938) granting the petitioner accident benefits and additional compensation not exceeding 60 days. This operation, as were the preceding two, was performed in the company hospital by its skilled medical staff, and the compensation costs were billed direct to the employer. In the year 1945 the petitioner underwent an operation under the hands of Dr. Alessi of the Phelps Dodge Medical Staff, for an inguinal hernia on the left side, this being the first difficulty there. No claim for compensation or accident benefits was made to the commission by petitioner for this; in fact the commission did not learn of the matter until about two years later. It is not claimed that this hernia on the left side was caused by petitioner's sustaining another injury by accident arising out of and in the course of his employment. Nothing further occurred until August 21, 1947, when Dr. Duncan by letter advised the commission that the petitioner was "* * * found to have a recurrence of an inguinal hernia on both sides * * *." This was confirmed by a communication from Dr. Alessi. By direction of the commission the applicant was examined by Dr. James R. Moore who reported that "There is some weakness of the tissues forming the inguinal canal but no actual hernia can be dem-

onstrated." Basing its action upon Dr. Moore's report the commission denied petitioner any further relief by reason of his alleged impairment. However, as another and later examination by Dr. Alessi showed, according to his report, a recurrence of the hernia on both sides, the commission vacated its order denying compensation and made for the fourth time an award in favor of the petitioner for the usual accident benefits and total temporary disability for not to exceed 60 days. Thereafter, acting under the advice of his physicians, the petitioner wrote the commission that he had decided not to accept the proffered operation, and that he was appealing from the award, contending that as he was unable to work by reason of his condition he was entitled to an award for permanent partital disability. Williams' letter of November 19, 1947, rejecting the proffered operation was treated as a motion for rehearing and, while no further evidence was submitted, the commission re-examined the complete record and on January 19, 1948, entered its order affirming the award of October 31, 1947, and denying a rehearing. It is the validity of these last two orders that we are asked to review

We are at a loss to understand how the commission permitted reference to the left inguinal hernia to creep into their fourth award, which is here under review. There is not a scintilla of evidence, medical or otherwise, in the record as to what caused the left hernia, or whether there was or could be any relation as to cause and effect between the development of the inguinal hernia on the left side and the operative procedure on the right. The medical testimony set forth in the case of Lewis v. Southern Advance Bag & Paper Co., La. App., 28 So.2d 68, would indicate that there is only a slight conflict in medical opinion as to whether there is even an inter-relationship between the two regions.

Clearly there is no merit to petitioner's assignment of error that he was not granted a formal rehearing. There is no showing that he desired a hearing provided for under the rules of the Industrial Commission "* * * at which he shall be afforded an opportunity to present further material evidence and cross-examine any person who has given any evidence in the matter." (Rule 30.) No detailed application for formal rehearing was filed by petitioner as is required under the provisions of Rules 37 and 38, and a failure to comply therewith constitutes a waiver of the right to a formal rehearing. The most that can be said is that petitioner filed a written notice of protest. The facts here are not in dispute; hence, there was no justification or basis for a formal rehearing, nor is there any claim that petitioner was in anywise prejudiced by the fact that none was had.

Petitioner places primary reliance upon his second assignment of error, which is that the decision of the commission is not supported by and is contrary to the law and

the evidence. He argues that the record shows him to be permanently and partially disabled as the result of the original injury of November 3, 1928, the proof for such a contention lying in the constantly recurring hernias and the failure of the condition to respond properly or adequately to corrective surgery. It is clear that petitioner seeks to find in the law of this state authorization for compensation for a condition of recurring hernia, apparently according to the formula for permanent partial disability set forth in section 56-957(c), A.C.A. 1939.

As evidenced by the several awards made petitioner, the commission took the position that he was entitled to compensation for temporary disability for periods not to exceed two months for the recurrences of the hernias, but that the law of the state did not sanction compensation to him upon the basis of permanent partial disability.

 A study of our statutes upon the precise point of law involved in this last assignment of error directs us to a consideration in main of only one section of our code, for under our Workmen's Compensation Law the subject of hernia and compensation therefor is treated sui generis, the provisions of the remaining sections of the Compensation Law not being directly applicable. The provisions of this section, 56-959, A.C.A. 1939, are:

"*Hernia.*—All hernias are considered to be injuries within the provisions hereof causing incapacitating conditions or permanent disability, and until otherwise ordered by the commission, the following rules for rating the same shall govern:

"(a) Real traumatic hernia is an injury to the abdominal wall of sufficient severity to puncture or tear asunder the wall, and permit the exposure or protruding of the abdominal viscera or some part thereof. Such injury will be compensated as a temporary total disability, and as a partial permanent disability, depending upon the lessening of the injured individual's earning capacity;

"(b) All other hernias, whenever occurring or discovered and whatsoever the cause, except as under (a), are considered to be diseases causing incapacitating conditions, or permanent partial disability; but the permanent, partial disability and the causes of such are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, except it be proven: That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment; that the descent of the hernia occurred immediately following the cause; that the cause was accompanied, or immediately followed, by severe pain in the hernial region, and that the above facts were of such severity that the same were noticed by the claimant and communicated immediately to one or more persons, in which event they are considered to be ag-

gravations of previous ailments or diseases, *and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but not to exceed two (2) months."* (Emphasis supplied.)

Within subsection (b), and it alone, must be found any and all authorization for compensation for recurrent non-traumatic hernia. A careful examination of it convinces us that nowhere within its provisions can be found authorization for payments upon the permanent partial disability "scale" set up in section 56-957(c), supra. Petitioner can take little comfort from the use of the words "permanent, partial disability" appearing twice within section 56-959(b), supra, for whatever term be used the inexorable fact remains that compensation is limited to a period "* * * not to exceed two (2) months." We hold, therefore, that petitioner's claim for an award upon any other basis is without support in our law.

Lastly, on our own motion, we consider whether under the facts of this case any award based upon the theory of a recurring hernia can be permitted to stand. The commission frankly concedes that there is a very serious question as to whether successive awards for compensation are valid, though it seeks to justify an award for medical benefits in these recurrent cases upon the theory of defective operative technic on the part of the surgeon in the first instance.

It must be remembered that each of the four awards relates back to and rests upon the petitioner's original injury of November 3, 1928. There is but one docket case number (C-6036). Here we have no claim of any new or independent accident. In fact, the petition for writ of certiorari recites "* * * the present injury is not a new disability, but is still a result of the original injury * * *."

■ The Arizona Legislature, along with some 32 other state legislatures, has seen fit to enact specific provisions regarding hernia as a compensable injury in its Workmen's Compensation Law, and to treat such injuries separate and apart from the general rules of rating disabilities due to injuries sustained in the course of a workman's employment. Schneider's Workmen's Compensation, Third or Permanent Edition, section 1470, page 573. It is to our statutory law alone that we must look for guidance. By reference to the code provision, 56-959 (b), supra, it is readily apparent that there is no provision whatsoever for payment of compensation for non-traumatic recurrent hernia. The section by its terms provides for compensation for not to exceed two months *only in cases of original injury.* Under no fair interpretation of this statute can it be held that the legislature has made any provision for aiding workmen suffering from recurrent hernia.

152

It is not within our province to concern ourselves with the wisdom of the legislation at hand. As was said by Justice Lockwood, speaking for this court in Kay v. Hillside Mines, Inc., 54 Ariz. 36, 91 P.2d 867, 869:

"The Workmen's Compensation Law * * is purely statutory in its origin, and any benefits claimed thereunder are creatures of the statute and may be granted only if, as, and when provided by the statute. * * *"

It may well be that more liberal treatment should be accorded the small percentage of hernia victims who suffer from true recurring hernia, but the injustice, if any, is for the legislative department and not for the courts to correct. We are not at liberty to extend by interpretation the meaning implicit in the language of a statute defining the circumstances under which hernia is compensable, in order to provide a more liberal rule of compensation than that which the legislature saw fit to adopt. Arduini v. General Ice Cream Co., 123 Conn. 43, 192 A. 314, 114 A.L.R. 1333.

It is informative to observe what textwriters and the courts of other jurisdictions, where compensation and accident benefits can be had for recurrent hernia, have had to say. We quote from Crawford v. Tampa Inter-Ocean S. S. Co., La.App., 150 So. 875, 876, which involved such a case:

" * * * the hernia recurred *within a short while* thereafter; it being explained that in something like 10 per cent. of cases of hernia there is a recurrence after an operation, no matter how skillful the officiating surgeon may be.

\* \* \* \* \* \*

"A 'recurring hernia' at the same spot, as the word 'recurring' signifies, is a return of a former hernia, which, though temporarily arrested by the operation, was one of the small minority of cases in which a successful result did not follow a skillful operation. * * *." (Emphasis supplied.)

In Accidental Injuries by Kessler (1941) page 434, it is said:

"* * * The large number of these operations that are performed every day, the minimum risks taken with modern surgery, as well as the large number of definite cures, make the operation a reasonably certain method of returning the claimant to the job. *Recurrences are very uncommon.* In Coley's series there were less than 5 per cent. * * *" (Emphasis supplied.)

See also 71 C.J., Workmen's Compensation Acts, section 373 at page 621:

"Recurring hernia. The same hernia recurring *within a short time* after a proper and skillful operation is compensable; it being traceable to the original injury." (Emphasis supplied.)

It is stated in Schneider's Workmen's Compensation, supra, section 1498(n), page 682.

"A hernia 'recurring' *within a short while* after a proper and skillful operation has been held compensable, being traceable to

the original injury. The words 'recurring hernia' signify a return of the former hernia." (Emphasis supplied.)

What constitutes a "short while" or a reasonable time in which one may expect a recurrence is a mixed question of fact and law and as to it the authorities vary somewhat, though none remotely approaches the ten to nineteen-year period shown by this record. In the case of Southern Surety Co. v. Byck, 39 Ga.App. 699, 148 S.E. 294, 295, it is said:

"* * * that usually hernias are regarded as completely cured if they do not reappear within 12 months after an operation; * * *."

See also Middleton's Case, 136 Me. 108, 3 A.2d 434; Benjamin v. Kiefer et al., 170 Minn. 382, 213 N.W. 32; Gaglione's Case, 241 Mass. 42, 134 N.E. 240

It is too well established to require a citation of authorities that our statutes limit compensation to employees to injuries occasioned by an accident arising out of and in the course of the employment, and further, that an employer is not a general insurer of the health of his employees. It seems obvious that petitioner is predisposed to the development of hernia, as he evidently has a certain lack of physical integrity in the parts where the injury is manifested. This condition, however, will not of itself sustain an award.

It is the duty of the commission to act judicially in awarding compensation. It may not, through sympathy, give petitioner one penny more than the law says is his due. On the other hand it cannot deny him the full measure of compensation granted by that law on the facts as they exist. Doby v. Miami Trust Co., 39 Ariz. 228, 5 P.2d 187.

We are compelled to reverse the award, not upon the theory that petitioner was entitled to more than was allowed him by the commission, but because under the admitted facts there was no legal basis for the award made.

Award set aside.

LaPRADE, C. J., and STANFORD, PHELPS, and De CONCINI, JJ., concurring.