307 P.2d 104

George Washington CROWDER, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, defendant insurance carrier; and Phelps Dodge Corporation, New Cornelia Branch, Defendant Employer, Respondents.

No. 6253.

Supreme Court of Arizona.

Feb. 19, 1957.

Pickrell, Hunter, Bartlett & Penn, Phoenix, for petitioner.

Robert K. Park, for respondent Industrial Commission of Arizona.

Evans, Kitchel & Jenckes, and Earl H. Carroll, of Phoenix, for respondent Phelps Dodge Corp.

WINDES, Justice.

Certiorari to the Industrial Commission of Arizona to test the validity of an award under our Workmen's Compensation Law. In September of 1951 George Washington Crowder, petitioner herein, sustained a compensable industrial accident which resulted in a final award of no permanent disability. Thereafter, in March, 1953, petitioner sustained a second compensable industrial accident and the commission the following July made an award there was no permanent disability from this accident. Thereafter, on petition to reopen the claim the commission made an award of scheduled partial permanent disability for the second accident. Petitioner moved for rehearing upon the ground this injury was unscheduled. Prior to this latter award petitioner had applied to reopen and readjust his compensation on the basis of new and additional disability resulting from the first accident, and thereafter the petition to reopen was denied with a finding of no permanent disability as a result of the first accident. Petitioner applied for rehearing on the disposition of this petition to reopen. The two petitions for rehearing were consolidated. The commission appointed a board of four doctors who after examina-

tion of petitioner and consultation reported among other things:

"As a result of the injury sustained in the accident of September 18, 1951, and March 8, 1953, Mr. Crowder has a 15% general physical, functional disability."

In the final award which is before us the commission found:

"1. That applicant sustained personal injuries by accident arising out of and in the course of his employment on September 18, 1951 and March 8, 1953.

"* * * * * *

"3. That applicant has sustained a 15% general physical and functional disability as the result of said accidents.

"4. That applicant's present earning capacity must be computed upon the basis of his average monthly wage at the time of said accident on September 18, 1951.

"5. That applicant's average monthly wage immediately prior to said accident on September 18, 1951, was the sum of $355.88.

"* * * * * *

"7. That applicant has been employed as a clean up laborer and watchman since returning to work with the above-named defendant employer for which applicant has received average monthly earnings equal to or in excess of those received by applicant immediately prior to said accident on September 18, 1951."

After making such findings the commission awarded nothing for the disability resulting from the opening of the two claims for the reason that petitioner was now earning as much or more than he was earning in 1951 at the time of the first accident.

Petitioner's average monthly wage in 1951 when the first accident occurred was $355.88. In 1953 when the second accident occurred his average monthly wage was $564.64. Although the evidence shows and the finding is that such physical disability as petitioner now suffers was attributable to both accidents, the commission in determining that the petitioner had sustained no loss of earning power measured the entire disability from both accidents by his average monthly wage at the time of the first accident. In justification of this procedure the commission and respondent employer take the position that the scheduled injury resulting from the second accident became unscheduled and was treated as such. As a proposition of law they say in effect that when a petition to reopen a final award of no permanent disability is granted, and based thereon there is a finding of permanent partial disability, a scheduled injury resulting from a subsequent accident be-

comes unscheduled and merges with the injury resulting from the first accident.

When there are successive injuries the only condition under which an otherwise scheduled injury may become unscheduled is when the scheduled injury is a subsequent one as provided in subsection (e) of section 56–957, 1954 Supp., A.C.A.1939, now A.R.S.1956, section 23–1044, subd. E, which reads:

"In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by computing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury."

The commission must treat these injuries in the manner provided by statute and we do not know of any statute that authorizes a merger of successive injuries. Certainly subsection (e), supra, provides a method of separation and not merger of one injury which succeeds another. We are not called upon to decide from the facts herein which is the first or subsequent injury for the reason that all parties herein admit that the scheduled injury became unscheduled which amounts to an admission that the scheduled injury was subsequent for, as stated, in the event of successive injuries it is only when an otherwise scheduled injury is subsequent that it can become unscheduled. Unquestionably, these were successive injuries calling for the application of subsection (e) and the commission having treated the injury from the second accident as unscheduled, it must use this subsection to determine the compensation for the injury caused by the second accident.

We are of the view that the only statutory procedure for handling this problem is to determine separately the percentage of the aggregate disability attributable to each of the two accidents. Upon determining the percentage of disability attributable to the first accident, the commission must calculate the amount of compensation therefor, if any, on the basis of the average monthly wage at the time of the first accident, to-wit: $355.88. The percentage of disability attributable to the second accident must be then determined in the manner prescribed by subsection (e) and compensation therefor allowed on the basis of petitioner's average monthly wage at the time of the second accident, to-wit: $564.-64.

Award set aside.

UDALL, C. J., and PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.