450 P.2d 120

Erwin N. BOGGS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona and Magma Copper Company, Respondents.

No. I CA–IC 203.

Court of Appeals of Arizona.

Feb. 6, 1969.

Gorey & Ely by Stephen S. Gorey, Phoenix, for petitioner.

Robert D. Steckner, Chief Counsel, by Courtney L. Varner, for Industrial Commission of Arizona.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for Magma Copper Co.

CAMERON, Judge.

This case is before the Court to determine the lawfulness of an award and finding of the Industrial Commission dated 14 March 1968 which in effect denied the petitioner's motion to reopen his claim for new, additional or previously undiscovered disability.

The facts necessary for a determination of this matter are as follows. The petitioner suffered a ventral hernia as the result of an industrial accident which occurred on 29 August 1964. He underwent surgical repair of the hernia on 13 October 1964, at which time a Marlex mesh section was implanted into his abdominal wall, in an effort to strengthen that wall and prevent future recurrences. The petitioner had a history of recurrent hernias.

The claim was accepted for workmen's compensation benefits and compensation was paid for the 60 day maximum period provided for by A.R.S. § 23-1043. On 29 January 1965, the Commission issued a "record of Commission's action" ordering benefits in addition to those provided by A.R.S. § 23-1043. On 9 February 1965, the Marlex mesh was removed by surgery due to persistent drainage as a result of a foreign body rejection action.

The employer protested the action of the Commission granting additional benefits, and the Commission issued an award on 21 February 1966 which determined that the petitioner was not entitled to compensation over the 60 day maximum provided by A.R.S. § 23-1043, but that he was entitled to additional medical benefits for any condition which arose out of the complications of the original injury. This award became final without protest or petition for rehearing.

On 28 July 1967, a petition to reopen the claim was filed on behalf of petitioner alleging that he suffered a total disability as the result of the industrial injury. This petition was denied and there followed a series of protests and petitions which culminated in the order denying rehearing and affirming findings and award which was issued 14 March 1968. The award contained findings of fact affirming the findings and order of 15 August 1967 and also stated that no new issues had been received which were not previously considered by the Commission. This award contained a 30 day clause and the petitioner brought this writ of certiorari. It is the opinion of the Court that this award is reasonably supported by the evidence and should be affirmed.

The petitioner urges that the question before the Court is: when a working disability results from complications which are medically determined to have arisen from surgical procedures for the repair of an industrially related hernia, does the two-month limit for compensation set out in A.R.S. § 23-1043 apply? This is the same basic issue which was before the Commission and which was determined by their award of 21 February 1966 from which no protest or motion for rehearing or petition for writ of certiorari was taken. Peti-

**156**

tioner was not represented by counsel at this time.

As the court stated in Davila v. Industrial Commission, 98 Ariz. 258, 403 P.2d 812 (1965):

> "We are foreclosed from considering the merits of this matter since the employee did not file a timely petition for rehearing * * *. The award became *res judicata* and neither the Commission nor this Court have further jurisdiction over the award * * *."

█ It is noted that petitioner has another claim which is before this Court by way of a writ of certiorari (1 CA-IC 222) and nothing we say herein necessarily affects that matter. It should also be noted that while a matter may be final procedurally, medical history is always available in subsequent claims before the Commission.

For the reasons set forth above, the award is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.