455 P.2d 467

**Erwin N. BOGGS, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Magma Copper Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 222.**

Court of Appeals of Arizona.

June 17, 1969.

Rehearing Denied Aug. 6, 1969.
Review Denied Oct. 14, 1969.

———◆———

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

Michael A. Lasher, Jr., Chief Counsel, for respondent, Industrial Commission.

Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent, employer.

Robert K. Park, Chief Counsel, for respondent carrier, State Compensation Fund.

STEVENS, Judge.

On 11 May, 1966 the petitioner experienced a non-traumatic industrially related hernia. This was a recurrent hernia. One of several prior hernias was considered by The Industrial Commission as Claim No. SZ 700, which claim was the subject of our opinion in Boggs v. The Industrial Commission, 9 Ariz.App. 154, 450 P.2d 120, (1969).

In the surgical care of Boggs in relation to SZ 700 a Marlex mesh was implanted in his abdominal wall. We recited in our opinion that the mesh was removed on 9 February, 1965. Apparently the mesh was not completely removed at that time. Portions of the mesh were removed on 13 September, 1966 in connection with the surgery relating to the 11 May, 1966 industrial incident.

After the surgery just referred to and while the claim before The Industrial Commission was still open for accident benefits, an additional hernia developed. The additional hernia was repaired by surgery on 5 January, 1967. The claim was closed by an award entered on 26 March, 1967 which award became final. Prior to the entry of the award Boggs was "retired" by the respondent employer. He testified that he would not be eligible for company retirement benefits until he reaches the age of 65 years, an age he has not yet attained. Boggs receives disability social security benefits, a fact which is not considered by the Court in deciding the merits of this case.

On 17 May, 1967, Boggs filed a petition for readjustment or reopening his claim. This was supported by a letter by the surgeon stating, in part, "Mr. Boggs definitely does have a recurrence of this hernia because of the multiple complications related to the plastic mesh used in the earlier repair." There was no new industrial incident in relation to the condition reported by the doctor. The respond-

ent employer offered no resistance to the reopening of the claim for further medical care. Additional surgery was performed on 12 July, 1967. The report of the surgery is silent as to any further complications relating to the mesh implant.

Following the surgery the petitioner filed an additional request to readjust or reopen urging that he had become "totally disabled as result of industrial accident and entitled to compensation therefor."

There is no medical evidence in the file to support the petitioner's contentions that his present physical incapacity, an incapacity arising out of the weakness of his abdominal .wall, arose out of or bears a causal relationship to any of the care and treatment which he had received in prior efforts to correct his non-traumatic, industrially related hernias. The medical evidence establishes that the series of hernias which Boggs has sustained were recurrent hernias. The report of the 12 July, 1967 surgery concludes with the statement that "the prognosis is, of course, quite guarded because of the multiple recurrences of this incision * * *."

Boggs testified that following the 13 September, 1966 surgery at which the remaining portion of the mesh implant was removed, he had no further infections.

In Corrier v. The Industrial Commission, 3 Ariz.App. 39, 411 P.2d 462 (1966) this Court found present a combination of factors which converted the hernia situation from the statutory maximum of 60 days compensation (A.R.S. § 23–1043) to an unscheduled disability. The petitioner urges that the same broad principles apply in relation to the case now before us. The respondent employer urges that the true test for the evaluation of this case is found in A.R.S. § 23–1043 and in the case of Williams v. The Industrial Commission, 68 Ariz. 147, 202 P.2d 898 (1949). We agree with the respondent employer.

The award is affirmed.

DONOFRIO, C. J., and CAMERON, J., concur.