468 P.2d 613

**Ingeborg Bertha HURLEY, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona,
Respondent,**

**Roberts Brothers, Inc., (Diamonds),
Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 324.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 29, 1970.

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent Carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the findings and award of the respondent Industrial Commission which held that petitioner should be compensated on the basis of a scheduled disability pursuant to A.R.S. § 23–1044, subsec. B as opposed to an unscheduled disability pursuant to A.R.S. § 23–1044, subsecs. C, D, and E as petitioner contends.[1]

We are called upon to determine whether the Commission must consider only disabilities existing at the time of an injury

1. This case was decided under the law as it existed prior to 1 January 1969.

in determining whether to treat the resulting subsequent disability as unscheduled.

The facts indicate that prior to the injury in question, the petitioner had suffered 2 back injuries—one in 1936 which resulted in an operation for a slipped disc and a spinal fusion, and the second injury was on 2 July 1965 while working for the respondent employer.

On 2 December 1965, petitioner suffered an injury to her hand which injury is the subject of this writ. After this injury she also suffered another back injury on 27 April 1967 which was industrially related. A medical consultation report on 3 October 1968 stated that as to her back she could "continue with her present work" and there was "no recommendation for treatment". A hearing requested by petitioner failed to show that petitioner was suffering from a back disability at the time of the injury to the hand.

After a hearing on the matter, the Commission, on 25 June 1969, entered a findings and award for scheduled permanent disability stating as follows:

"3. As a result of said injury the applicant has a scheduled permanent partial disability equivalent to a 20% functional loss of her left hand.

"4. In addition to said scheduled hand disability, which hinders the applicant in carrying food trays, she also suffers from back and radiating leg pains which are attributable to a pre-existing non-industrial osteoporosis and which prevent her from standing for long periods of time; because of these factors she is presently unable to perform the duties of her former employment as a waitress, although she does have part-time employment involving lighter work.

"5. Said osteoporosis is not causally related to applicant's injury of December 2, 1965 either by aggravation, acceleration, or otherwise.

"6. Said osteoporosis was dormant and in no way disabling at the time of the applicant's injury of December 2, 1965.

"7. The applicant's scheduled disability resulting from her injury of December 2, 1965 has not been converted into an unscheduled disability by her later symptomatic osteoporosis."

■ A reading of the file including the transcript of the hearing indicates that the findings as set forth in paragraphs 3, 4, 5, and 6 are reasonably supported by the evidence. The only question before this Court is whether the Commission has, in paragraph 7, correctly construed the law in holding that where the petitioner suffers a first injury which is not disabling and then suffers a second injury which is partially disabling and scheduled, after which scheduled disability the previous injury also becomes partially disabling, the Commission may not treat her resulting disabilities as unscheduled.

Our Supreme Court has stated:

"This Court has on many occasions interpreted A.R.S. § 23–1044, subds. C, D, and E, supra. (citations omitted) All of these cases bear out the Commission's position, i. e., they require the Commission to take into consideration a previous disability as it exists *at the time of a subsequent injury,* and if any disability results from the subsequent injury, whether scheduled or unscheduled, or both, the Commission must treat the disabilities as general or unscheduled in nature, and base its award on loss of earning capacity only, as derived from the facts of the case. * * *." Woods v. Industrial Commission, 91 Ariz. 14, 16, 368 P.2d 758, 759 (1962). (emphasis ours)

And:

"Therefore, the determination to be made by this court is whether there was sufficient evidence to reasonably support a finding by the Commission that the loss of the distal phalanx of his left index finger had not resulted in a loss of earning capacity *disability existing at the time of injury.*" Wollum v. Industrial Commission, 100 Ariz. 317, 321, 414 P.2d 137, 140 (1966). (emphasis ours)

 In the instant case, the facts reasonably support the finding of the Commission that, although the petitioner had injured her back on two occasions prior to the industrial injury in question (to her hand), any disability of the back developed after the injury to the hand. The Commission, therefore, was correct in treating the disability as scheduled rather than unscheduled.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.