472 P.2d 477

**James A. LINVILLE, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**National Metals Company, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 343.

Court of Appeals of Arizona, Division 1,

Department A.

July 23, 1970.

Rehearing Denied Aug. 31, 1970.

Review Denied Oct. 20, 1970.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari brought to test the lawfulness of an award and findings of the Industrial Commission of Arizona issued August 20, 1969, affirming a previous award for temporary disability and finding that the petitioner had new and additional disability (left inguinal hernia) requiring medical treatment, and granting accident benefits for this and compensation not to exceed two months, pursuant to A.R.S. § 23–1043, subsec. 2.[1]

The petitioner was injured in the course and scope of his employment on September 6, 1968, while climbing down from a caterpillar bulldozer when he fell, striking his abdomen on the steel tracks of the bulldozer. His injuries were diagnosed as right and left inguinal hernias and were accepted for compensation benefits. An award for temporary disability was issued on January 9, 1969, which was protested. Further administrative processing, including two hearings, resulted in the award which is now before the Court.

Petitioner seeks to convert his injuries from "scheduled" under the hernia section of the Workmen's Compensation Act, A.R.S. § 23–1043, subsec. 2, to "unscheduled" injuries under A.R.S. § 23–1043, subsec. 1 and A.R.S. § 23–1044, subsec. C.

Under the first theory urged by petitioner, he alleges that the hernias should be "unscheduled" because they come within the purview of A.R.S. § 23–1043, subsec. 1 which reads as follows:

"1. Real traumatic hernia is an injury to the abdominal wall of sufficient severity to puncture or tear asunder the wall, and permit the exposure or protrusion of the abdominal viscera or some part thereof. Such injury will be compensated as a temporary total disability

1. This case was decided under the law as it existed prior to January 1, 1969.

and as a partial permanent disability, depending upon the lessening of the injured individual's earning capacity."

We have examined the record with regard to the medical testimony directed toward showing that the petitioner's hernias were in fact real traumatic hernias. Dr. Robert J. Oursland stated that he could not give an opinion as to whether or not the hernias were of sufficient severity to puncture the abdominal wall and permit the exposure or protrusion of the viscera. Dr. Sidney J. Axelrod, the physician who repaired the right hernia, testified that while the herniation was sizable, it did not penetrate the wall. We are of the opinion that the Commission's award is fully supported by the evidence, and that the petitioner's injuries do not come within the purview of A.R.S. § 23–1043, subsec. 1.

As his second theory, the petitioner urges that the occurrence of a right and left hernia simultaneously brings this case within the multiple injury section, A.R.S. § 23–1044, subsec. C. With this we do not agree. The Supreme Court stated in Williams v. Industrial Commission, 68 Ariz. 147, 202 P.2d 898 (1949):

"* * * [U]nder our Workmen's Compensation Law the subject of hernia and compensation therefor is treated sui generis, the provisions of the remaining sections of the Compensation Law not being directly applicable. * * *" 68 Ariz. at p. 150, 202 P.2d at 900

We recently reaffirmed this position in Boggs v. Industrial Commission, 10 Ariz. App. 18, 455 P.2d 467 (1969).

A.R.S. § 23–1043 states, in part:

"2. All other hernias, whenever occurring or discovered and whatsoever the cause, except as under paragraph 1 of this section, are considered diseases causing incapacitating conditions or permanent partial disability, but the permanent partial disability and the causes thereof are considered to be as shown by medical facts to have either existed from birth, to have been years in formation, or both, and are not compensatory, unless it is proved:

(a) That the immediate cause, which calls attention to the presence of the hernia, was a sudden effort or severe strain or blow received while in the course of employment.

(b) That the descent of the hernia occurred immediately following the cause.

(c) That the cause was accompanied or immediately followed by severe pain in the hernial region.

(d) That the facts in subdivisions (a), (b) and (c) of this paragraph were of such severity that they were noticed by the claimant and communicated immediately to one or more persons.

If the facts in subdivisions (a), (b), (c) and (d) of this paragraph are proven, the hernias are considered to be aggravations of previous ailments or diseases, and will be compensated as such for time lost only to a limited extent, depending upon the nature of the proof submitted and the result of the local medical examination, but for not to exceed two months."

As can be seen from a reading of this statute, no provision is made for making simultaneous hernias (or recurrent hernias) unscheduled injuries.

The award is affirmed.

CAMERON, J., and WARREN C. RIDGE, Judge of the Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge WARREN C. RIDGE was called to sit in his stead and participate in the determination of this decision.