598 P.2d 1019

**ELMER SHELTON CONCRETE CONTRACTOR, INC., Petitioner Employer,**

**and**

**Aid Insurance Company, Petitioner Carrier,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Cecil F. Fisher, Respondent Employee.**

**No. 1 CA–IC 2067.**

Court of Appeals of Arizona, Division 1, Department C.

June 19, 1979.

Rehearing Denied July 30, 1979.

Lewis & Roca by Merton E. Marks, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Gorey & Delaney by Edgar M. Delaney, Phoenix, for respondent employee.

EUBANK, Presiding Judge.

The only issue presented in this Special Action—Industrial Commission is succinctly stated as follows in the petitioners' opening brief:

> Did the Industrial Commission err as a matter of law when it found that a scheduled injury should be compensated as unscheduled due solely to a prior [unscheduled] industrial injury which caused a 10% general functional disability, but no loss of earning capacity?

We agree with petitioners that the Commission's hearing officer did err and, therefore, set aside the award.

On July 20, 1965, the respondent employee, Cecil Fisher, sustained his first industrial injury, when he injured his back. By means of its Additional Findings and Award for Unscheduled Permanent Partial Disability, entered on June 4, 1974, the Industrial Commission determined that, as a result of that *Unscheduled* injury, the employee had suffered a 10% general physical functional disability but no loss of earning capacity. Thus, no permanent disability benefits were awarded. The employee never challenged this determination nor petitioned to reopen the earlier claim, and it is now not disputed that it is *res judicata* that the employee incurred no loss of earning capacity as a result of the first injury.

On July 6, 1973, the respondent employee sustained the industrial injury which is the subject of this special action. Medical and temporary compensation benefits were paid, but on May 20, 1977 the petitioner carrier issued its Notice of Claim Status terminating benefits as of May 6, 1977. At the same time that the Notice of Claim Status was issued, the carrier asserted that the employee had sustained a *scheduled* 35% permanent partial impairment of the left lower extremity. The employee filed a Request for Hearing alleging only that, because of the prior industrial injury and permanent disability, the second injury must be unscheduled.

After three hearings were conducted, the presiding hearing officer issued an extensive Decision Upon Hearing and Findings and Award and Order Pending Determination of Earning Capacity, on March 23, 1978. The hearing officer found as a matter of law that even though the employee had no loss of earning capacity as a result of the 1965 unscheduled injury, the residual 10% disability resulting from that injury was, without more, sufficient to convert the subsequent scheduled injury into an unscheduled injury compensable under A.R.S. § 23–1044(E). As support for his determination, the hearing officer relied upon *Ronquillo v. Industrial Commission*, 107 Ariz. 542, 490 P.2d 423 (1971) and *Ross v. Industrial Commission*, 112 Ariz. 253, 540 P.2d 1234 (1975). The hearing officer, relying on *Ross*, specifically disagreed with this Court's opinion in *Gallardo v. Industrial Commission*, 16 Ariz.App. 491, 494 P.2d 391 (1972), which case is factually similar to this case.

Four days after the hearing officer issued his decision, our Supreme Court released its opinion in the important case of *Alsbrooks*

*v. Industrial Commission,* 118 Ariz. 480, 578 P.2d 159 (1978). On review, the hearing officer found that his prior decision was consistent with *Alsbrooks* and clearly stated his view that once an unscheduled industrial injury occurs, "any subsequent injury, be it scheduled or unscheduled, simply creates an additional and/or further injury of an unscheduled nature," citing *Crowder v. Industrial Commission,* 81 Ariz. 396, 307 P.2d 104 (1957). Further, the hearing officer stated that *Gallardo* is merely inapplicable to this case because *Gallardo* concerned a hernia condition under A.R.S. § 23–1043, and that that statute is *sui generis.*

We have examined the cases concerning the issue raised in this case and find that *Gallardo* is the only case directly on point and that that case is fully consistent with the Supreme Court's latest pronouncement on the subject in *Alsbrooks v. Industrial Commission, supra.* In *Gallardo,* the applicant sustained an unscheduled back injury and was awarded a general physical functional disability not exceeding ten percent but no loss of earning capacity. Subsequently, he suffered inguinal hernias. The hearing officer in *Gallardo* awarded the applicant compensation for two months for the hernias as provided for in A.R.S. § 23–1043(2), and apparently refused to convert the hernia injury into an unscheduled injury under *Ronquillo, supra.* This Court specifically considered the second (hernia) injury as a scheduled injury for purposes of applying *Ronquillo,* and "declined to consider the 'sui generis' nature of hernia injuries compensable under A.R.S. § 23–1043, subsec. 2." Thus, because the *Gallardo* Court treated the hernia injury as a scheduled injury, the fact pattern there was the same as it is here: an unscheduled injury, which resulted in permanent disability but no loss of earning capacity, was followed by a scheduled injury. There, as here, the applicant contended that the second, scheduled injury was converted into an unscheduled injury by virtue of the prior

unscheduled industrial injury. This Court rejected that argument in the following statement:

Therefore, if the prior unscheduled injury does not result in a loss of earning capacity, and no presumption arises from the statute, then no "disability" is present to make operative the provisions of A.R.S. § 23–1044, subsec. E (combining of disabilities to result in an injury compensable upon loss of earning capacity).

16 Ariz.App. at 493, 494 P.2d at 393. Since Mr. Gallardo had not shown that his prior unscheduled injury resulted in any loss of earning capacity or that there was any presumption of loss of earning capacity under *Ronquillo, supra,* this Court held that his subsequent hernia injury could not be treated as unscheduled under A.R.S. § 23–1044(E).

Because the facts of this case are not materially different from the facts of *Gallardo,*[1] the reasoning and holding of that case are equally applicable here. Thus, because the respondent employee concedes that his 1965 unscheduled injury resulted in no loss of earning capacity, we hold that his 1973 scheduled injury was not converted into an unscheduled injury under A.R.S. § 23–1044(E).

Despite the hearing officer's findings and respondent employee's argument, we believe that *Gallardo* was strengthened by the Supreme Court's *Alsbrooks* opinion. *Alsbrooks* is not factually similar to *Gallardo* or to this case, for Mr. Alsbrooks sustained prior non-industrial injuries followed by a scheduled industrial injury. The Supreme Court was presented with the issue of whether the prior non-industrial injuries converted the subsequent scheduled injury into an unscheduled injury. While *Alsbrooks* involved a fact pattern unlike respondent employee's situation, many of the principles stated in *Alsbrooks* are relevant here. Chief Justice Cameron, the author of *Alsbrooks,* endeavored to end the chaos

---

1. Of course, *Gallardo* involved a second injury which was a hernia, and hernias are covered by a special statute, A.R.S. § 23–1043(2). However, as previously noted, the *Gallardo* court specifically ignored this factor and treated the hernia as a scheduled injury for purposes of applying A.R.S. § 23–1044(E).

which plagued this area of Arizona workmen's compensation law. As a part of that effort, the *Alsbrooks* Court held that *no* prior disability will convert a subsequent scheduled injury into an unscheduled injury unless the prior disability resulted in at least some loss of earning capacity:

> We hold that when the statute says "disability," it means earning capacity disability even though the effect upon the workman's earning capacity may be minimal. As we earlier stated:

>> "The word 'disability' as used in our Compensation Act, does not mean disablement to perform the particular work petitioner was doing at the time of his injury, but refers to injuries which result in impairment of earning power generally. * * * It applies to earning power and not to inability to do a certain class of work." *Savich v. Industrial Commission*, 39 Ariz. 266, 270, 5 P.2d 779, 780 (1931).

118 Ariz. at 484, 578 P.2d at 163. This holding clearly supports this Court's determination in *Gallardo* that a prior unscheduled industrial injury which results in permanent disability will not convert a subsequent scheduled injury into an unscheduled injury unless the prior unscheduled injury resulted in a permanent loss of earning capacity.

We will briefly comment on the cases relied upon by the hearing officer in this case. *Ross v. Industrial Commission, supra*, was overruled by *Alsbrooks*. *Ronquillo v. Industrial Commission, supra*, in itself does not resolve or discuss the issue raised in this case. *Crowder v. Industrial Commission, supra*, relied upon most heavily by the hearing officer and respondent employee, is inapposite because all parties to that case conceded that the second injury became unscheduled. Thus, as petitioners note, the Supreme Court in *Crowder* did not even consider the issue raised in this case, and the only issue it decided concerned the proper procedure for applying A.R.S. § 23–1044(E). 81 Ariz. at 399, 307 P.2d at 106. Respondent employee also relies upon *Woods v. Industrial Commission*, 91 Ariz. 14, 368 P.2d 758 (1962), but we find that

that case is at most, ambiguous on the point raised in this case.

The award is set aside.

HAIRE and FROEB, JJ., concurring.